**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Chadwick NEELY, Defendant–**
**Appellant.**

**No. 09–11567**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 6, 2010.

———

Emily M. Smachetti, Anne R. Schultz, Kathleen M. Salyer, U.S. Attorney's Office, Lisa T. Rubio, Miami, FL, for Plaintiff–Appellee.

Jan C. Smith, II, Kathleen M. Williams, Miami, FL, for Defendant–Appellant.

Before DUBINA, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Chadwick Neely appeals his 70–month sentence imposed following his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

On appeal, Neely argues that his sentence was unreasonable because it was greater than necessary to fulfill the purposes of sentencing under 18 U.S.C. § 3553(a). Neely also argues that the district court failed to state the reasons for its decision and that it did not consider his arguments and the § 3553(a) factors.

We review the reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). A defendant challenging his sentence bears the burden of establishing that it is unreasonable. *United States v. Talley,* 431 F.3d 784, 788 (11th Cir.2005). Overall, the analysis is a two-step process. *United States v. Pugh,* 515 F.3d 1179, 1190 (11th Cir.2008). First, we examine whether the district court committed any significant procedural error. *Id.* Second, after we determine that the sentence is procedurally sound, we review the sentence for substantive reasonableness. *Id.*

When reviewing for procedural unreasonableness, we should ensure that the district court: (1) properly calculated the guidelines range; (2) treated the Guidelines as advisory; (3) considered the § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen sentence. *Gall,* 552 U.S. at 51, 128 S.Ct.

at 597. When the district court considers the § 3553(a) factors, the district court need not discuss each factor. *Talley*, 431 F.3d at 786. All that is required is that the district court acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir.2005).

A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *Pugh*, 515 F.3d at 1191 (internal quotation marks omitted). The analysis includes "examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir.2008), *cert. denied*, — U.S. —, 129 S.Ct. 2848, 174 L.Ed.2d 568 (2009). The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)). The weight the district court accords to "any given § 3553(a) factor is a matter committed to the sound discretion of the district court...." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.2007) (internal quotation marks omitted). In terms of the reasonableness of the sentence imposed, we have held "that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788.

We conclude from the record that the district court did not abuse its discretion in imposing a 70–month sentence. The sentence was both procedurally and substantively reasonable, and Neely failed to demonstrate that the district court abused its discretion. Accordingly, we affirm Neely's sentence.

**AFFIRMED.**